IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donald L. Stewart, #172360, )<br>　　　　　　　　　　　　　　　　　)<br>　　　　　　　　Petitioner, 　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>vs.　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>Jon Ozmint, Dir. of SCDC, Anthony Padula, )<br>Warden of Lee C.I.; and Henry Dargan )<br>McMaster, Attorney General of South Carolina, )<br>　　　　　　　　　　　　　　　　　)<br>　　　　　　　　Respondents.　　　)<br>　　　　　　　　　　　　　　　　　) | Civil Action No. 3:06-3043-TLW-JRM<br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

　　　　　Petitioner, Donald L. Stewart ("Stewart"), is an inmate at the South Carolina Department of Corrections serving a sentence of life imprisonment for kidnapping with lesser concurrent sentences for burglary in the first degree (3 counts), armed robbery (4 counts) and larceny of a motor vehicle (1 count). He filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is in custody in violation of the Constitution of the United States. The case was automatically referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (B)(2)(c), DSC. Respondents filed a motion for summary judgment, supported by copies of portions of the state court record, on February 6, 2007. Because petitioner is proceeding pro se, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued on March 1, 2007, advising petitioner of his responsibility to properly respond to the motion for summary judgment. Petitioner filed his response on April 6, 2007.

**Procedural History**

The charges against Stewart, some of which were nolle prossed, resulted from three separate incidents of kidnapping during the burglaries of the homes of elderly victims. Stewart pled guilty on October 24, 1990. He was represented by Karen Fryar. He did not file a direct appeal.

Stewart filed an application for post-conviction relief ("PCR") on April 13, 1992, alleging ineffective assistance of trial counsel, denial of due process, and denial of a fair trial. An evidentiary hearing was held on February 12, 1993. Stewart appeared and testified. He was represented by David Ratchford. The PCR court issued an order of dismissal on July 15, 1993. A Johnson[1] petition for writ of certiorari was filed through the South Carolina office of Appellate Defense. The Johnson petition was denied by order of the South Carolina Supreme Court dated June 30, 1994. The Remittitur was returned on July 18, 1994.

Stewart filed a second PCR action on October 2, 2002. (Res. Mem., Ex. 7). Included in Stewart's grounds for relief was an allegation of violation of his right to equal protection because he was not given the benefit of a change in the law following his plea of guilty to kidnapping. The year following Stewart's pleas, the penalty for kidnapping was changed from mandatory life imprisonment to a maximum of thirty years. A hearing was held on March 23, 2004. Stewart was represented by Tara Shurling. The state moved to dismiss the application because it was untimely and successive. No testimony or evidence was introduced. The PCR court found that "the current allegations were or could have been raised" in Stewart's first PCR.[2] The application was dismissed for failure to comply with the one-year statute of limitations contained in S.C. Code Ann. § 17-27-

---

[1] Johnson v. State, 294 S.C. 310, 364 S.E.2d 2001 (1988).

[2] The change in the penalty for kidnapping occurred the year before Stewart filed his first PCR.

45(a) and because it was successive under S.C. Code Ann. § 17-27-90. (Res. Mem., Ex. 7). The Johnson petition was dismissed by Order of the South Carolina Supreme Court dated November 17, 2005 (Res. Mem., Ex. 12). The petition for rehearing was denied on December 14, 2005 (Res. Mem., Ex. 13). The Remittitur was returned on December 14, 2005. (Res. Mem., Ex. 14).

## Grounds for Relief

Stewart's claims are somewhat confusing because the facts he alleges to support his four grounds for relief do not correspond to the stated grounds. The grounds stated are:

1. Judgement void as it related to subject matter jurisdiction;

2. Cruel/unusual punishment as it related to "excessive sentence";

3. Denial/deprivation of due process/equal protection as it relates to treatment of similar situated persons; and

4. Inadequate PCR counsel/ineffective assistance of appellate counsel (hybrid representation claim).

The facts alleged as to Ground 1 do not apply to a claim of lack of subject matter jurisdiction of the state court. Instead, Stewart asserts that his life sentence for kidnapping amounts to a violation of equal protection and cruel and unusual punishment. Under his second claim, Stewart argues that his life sentence for kidnapping "is grossly disproportionate to that of the present sentence received fo kidnapping." With respect to his third ground for relief, Stewart alleges that his right to due process was violated because a bill was introduced in the South Carolina Legislature in 2006 which would have allowed an inmate sentenced to life imprisonment for kidnapping prior to the change in the law to petition the court for a reduction of sentence. The bill was not passed. Stewart's fourth ground for relief alleges ineffective assistance of PCR and PCR appellate counsel.

**Discussion**

A.   Antiterrorism and Effective Death Penalty Act ("AEDPA") Statute of Limitations

Respondents assert that the petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA. The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not at the end of collateral review. Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within 10 days of his conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal, his conviction becomes

4

final ten days after the adjudication of guilt. Crawley v. Catoe, 257 F.3d 395 (4th Cir. 2001). If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. Harris, 209 F.3d at 328, n. 1 (conviction become final on the expiration of the 90-day period to seek review by the United States Supreme Court).

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 196 F.3d 557, 561 (4th Cir. 1999). Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." Crawley v. Catoe, 258 F.3d at 399. A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "(A)n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (footnote omitted). "When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Pace v. DiGulielmo, 544 U.S. 408, 414 (2005) quoting Carey v. Saffold, 536 U.S. 214, 236 (2002).

5

Generally, computing periods of time under 28 U.S.C. § 2244(d)(2) is pursuant to Fed. R. Civ. P. 6(a).  Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).

The Fourth Circuit has held that the statute of limitations in § 2254 is not jurisdictional, but subject to the doctrine of equitable tolling.  Equitable tolling applies only in "those race instances where–due to circumstances external to the [petitioner's] own conduct–it would be unconscionable to enforce the limitation against the [petitioner]."  Harris, 209 F.3d at 330.  Under § 2244(d), the State bears the burden of asserting the statute of limitations.  Petitioner then bears the burden of establishing the doctrine does not apply.  Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002).  To benefit from the doctrine of equitable tolling, a petitioner must show: (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.  Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004).  It is clear that a pro se prisoner's ignorance of the law is not a basis to invoke equitable tolling.  United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).  Likewise, an attorney's mistake in calculating the filing date of the AEDPA's statute of limitations is not an extraordinary circumstance warranting equitable tolling.  Harris, 209 F.3d at 331.

Stewart's conviction became final in 1990 and his initial PCR was resolved in 1994, prior to the effective date of the AEDPA.  Thus, Stewart had one year from the effective date of the AEDPA, i.e., until April 24, 1997, to file his petition in this Court.  He did not do so.  Instead, he waited until October of 2002 to file his second PCR application in State court.  As that action was not properly filed, it did not toll the AEDPA statute of limitations.

Stewart appears to argue that he is entitled to equitable tolling because he was unaware of the change in the law in 1991. However, Stewart has not shown that there were extraordinary circumstances beyond his control which prevented him from timely filing his petition.

Stewart's claim that his due process rights were violated when the S.C. Legislature failed to enact legislation in 2006 which would have provided him with a possible reduction in sentence may be timely under 28 U.S.C. § 2244(d)(1). Even if this claim is timely, it is procedurally barred as discussed below.

  B.  Procedural Bar

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

  1.  Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or

        (B)(i)  there is either an absence of available State corrective process; or

        (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.

(2)    An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3)    A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court.  See O'Sullivan v. Boerckel, 526 U.S. 838 ( 1999).

The United States Supreme Court has consistently enforced the exhaustion requirement.

> The exhaustion doctrine existed long before its codification by Congress in 1948.  In Ex parte Royall, 117 U.S. 241, 251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act....

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. See SCACR 207(b)(1)(B) and Blakeley v. Rabon, 266 S.C. 68, 221 S.E.2d 767 (1976).  The second avenue is by filing an application for post-conviction relief

("PCR").  See S.C. Code Ann. § 17-27-10 et seq.  A PCR applicant is also required to state all of his grounds for relief in his application.  See, S. C. Code Ann. § 17-27-90.  Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts.  A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim.[3]  If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts, Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977) and Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983). If petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims.  See Rose v. Lundy, supra.

    2.    Procedural bypass[4]

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts.  If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition.  The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by

---

[3]In cases where the South Carolina Supreme Court applied a procedural bar, however, this court is directed to also apply that bar, except in certain limited circumstances.  See discussion below on procedural bypass.

[4]This concept is sometimes referred to as procedural bar or procedural default.  If a petitioner procedurally bypasses his state remedies, he is procedurally barred from raising them in this court.

the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986).  Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion.  The two routes of appeal in South Carolina are described above, and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time.  Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar.  State procedural rules promote

> not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both 'cause' for noncompliance with the state rule and 'actual prejudice resulting from the alleged constitutional violation.'

Smith v. Murray, supra, quoting Wainwright v. Sykes, 433 U.S. at 84 (1977); see also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim.  Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim.  See Murray v. Carrier, 477 U.S. 478, 496 (1986).

        3.     Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner in this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts, and this court is barred from considering the claim (absent a showing of "cause" and "actual prejudice"). In such an instance, the exhaustion requirement is "technically met" and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997); cert. denied, 522 U.S. 833 (1997) citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-98 (1989); and George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996).

    4.  Excusing Default

The requirement of exhaustion is not jurisdictional, and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances**.** Granberry v. Greer, 481 U.S. 129, 131 (1989). First, a petitioner may obtain review of a procedurally barred claim by establishing cause for the default and actual prejudice from the failure to review the claim. Coleman v. Thompson, 501 U.S. at 750 and Gary v. Netherland, 518 U.S. 152, 162 (1996). Second, a petitioner may rely on the doctrine of actual innocense.

A petitioner must show both cause and actual prejudice to obtain relief from a defaulted claim. In this context, "cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986). A petitioner may establish cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, demonstrate the novelty of his claim, or show interference by state officials. Murray v. Carrier; Clozza v. Murray, 913 F.3d

1092 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir.), cert. denied, 485 U.S. 1000 (1988).  A petitioner must show reasonable diligence in pursuing his claim to establish cause.  Hoke v. Netherland, 92 F.3d 1350, 1354 n. 1 (4th Cir. 1996).  Further, the claim of cause must itself be exhausted.  Edwards v. Carpenter, 529 U.S. 446 (2000) (failure of counsel to present issue on direct appeal must be exhausted in collateral proceeding as ineffective assistance to establish cause for default).

Generally, a petitioner must show some error to establish prejudice.  Tucker v. Catoe, 221 F.3d 600, 615 (4th Cir.), cert. denied, 531 U.S. 1054 (2000).  Additionally, a petitioner must show an actual and substantial disadvantage as a result of the error, not merely a possibility of harm to show prejudice.  Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997).

"Actual innocense" is not an independent claim, but only a method of excusing default. O'Dell v. Netherland, 95 F.3d 1214, 1246 (4th Cir. 1996), *aff'd*, 521 U.S. 151 (1997).  To prevail under this theory, a petitioner must produce new evidence not available at trial to establish his factual innocence.  Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999).  A petitioner may establish actual innocense as to his guilt, Id., or his sentence.  Matthews v. Evatt, 105 F.3d 907, 916 (4th Cir. 1997).

     5.    Procedure

Procedural default is an affirmative defense which is waived if not raised by respondents.  Gray v. Netherland, 518 U.S. at 165-66.  It is petitioner's burden to raise cause and prejudice or actual innocense.  If not raised by petitioner, the court need not consider the defaulted claim.  Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

After denial of the PCR, appellate counsel filed a <u>Johnson</u> petition for writ of certiorari[5] with the South Carolina Supreme Court. In <u>Johnson v. State</u>, 294 S.C. 310, 364 S.E.2d 201 (1988), the South Carolina Supreme Court adopted a procedure for appeal where appellate counsel concludes that the PCR applicant has no meritorious grounds to present. Counsel is required to file the <u>Johnson</u> petition raising any issue which is arguably appealable and requesting leave to withdraw as attorney for the petitioner on appeal. A copy of the brief is furnished to the applicant and he is notified that he has a specific period of time to furnish further information to the Supreme Court for consideration in making a determination as to the <u>Johnson</u> petition. The applicant may file a pro se brief raising additional issues. <u>Foster v. State</u>, 298 S.C. 306, 379 S.E.2d 907 (1989). In ruling on a <u>Johnson</u> petition for writ of certiorari, the South Carolina Supreme Court necessarily considers the issue or issues raised in the <u>Johnson</u> petition and any issues raised by the applicant in his pro se brief. Further, the South Carolina Supreme Court conducts a review of the record when a <u>Johnson</u> petition is filed. <u>King v. State</u>, 308 S.C. 348, 417 S.E.2d 868 (1992). In so doing, the South Carolina Supreme Court will only consider those issues raised by the PCR application upon which evidence was presented **and** were ruled on by the PCR court. The South Carolina Supreme Court applies a procedural bar to issues which do not meet this criteria. Under South Carolina law, the PCR court is required to make specific findings of fact and conclusions of law as to each issue raised in the PCR. See S.C. Code Ann. § 17-27-80 and Rule 52(a) SCRCP. <u>Bryson v. State</u>, 328 S.C. 236, 493 S.E.2d 500 (1997). Counsel is required to object to any deficiencies in the order of the PCR court. <u>McCullough v. State</u>, 320 S.C. 270, 464 S.E.2d 340 (1995). This duty falls on the PCR

---

[5]All appeals from the denial of a PCR application are made by seeking a writ of certiorari from the South Carolina Supreme Court. See SCACR 227.

applicant if not raised by counsel in the <u>Johnson</u> petition.  See <u>Pruitt v. State</u>, 310 S.C. 254, 423 S.E.2d 127, 128 n.2 (1992) ("the general rule [is] that issues must be raised to, and ruled on by, the post-conviction judge to be preserved for appellate review.").  See also, <u>Padgett v. State</u>, 324 S.C. 22, 484 S.E.2d 101 (1997) (issues not ruled on by PCR court are not preserved for appeal).  Thus, when considering a <u>Johnson</u> petition, the South Carolina Supreme Court considers only those issues raised by the <u>Johnson</u> petition, raised in any pro se brief or petition filed by the applicant, and those issues specifically ruled on by the PCR court.

The only issue raised in Stewart's <u>Johnson</u> petition following denial of his first CPR was whether the trial "judge undermined the voluntariness of petitioner's guilty plea by misinforming him that they were conditional."  Stewart did not file a pro se petition with the South Carolina Supreme Court in his first PCR action.  The state courts applied a procedural bar to all claims in his second PCR.  Thus, all Grounds in his present petition are procedurally barred based on the ruling of the state court, or have never been presented to the state court.

## Conclusion

The present petition is untimely and petitioner has never properly presented his present claims to the South Carolina Supreme Court for review.  It is, therefore, recommended that respondent's motion for summary judgment be granted, and the petition dismissed without an evidentiary hearing.

                Respectfully submitted,

                s/Joseph R. McCrorey
                United States Magistrate Judge

June 12, 2007
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).